IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CONSOLIDATED TRANSACTION PROCESSING LLC,<br><br>                *Plaintiff*,<br>  v.<br><br>BED BATH & BEYOND, INC.,<br><br>                *Defendant*. | **Civil No. 4:20-cv-00825-ALM**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BED BATH & BEYOND, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Bed Bath & Beyond, Inc. ("BBB") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Consolidated Transaction Processing LLC's ("Plaintiff" or "CTP") Complaint for Patent Infringement ("Complaint"). BBB denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## NATURE OF THE ACTION

1. BBB admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, but BBB denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

## PARTIES

2. BBB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. BBB denies that it is a Delaware corporation. BBB admits that it has a principal place of business located at 650 Liberty Ave., Union, NJ 07083. BBB further admits that it may be served

---

[1] For avoidance of doubt, BBB denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

with process through its registered agent, The Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. BBB does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. BBB admits that it conducts business in this judicial district. BBB denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 4 of the Complaint.

5. BBB admits that it conducts business in this District but denies any remaining allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. BBB admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq*. BBB denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 6 of the Complaint.

7. BBB admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. BBB does not contest whether venue over it properly lies in this judicial district in this case. BBB admits that it conducts business in this judicial district and maintains an established place of business at 6401 West Plano Pkwy., Plano, Texas 75093. BBB denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 8 of the Complaint.

9. BBB does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. BBB admits that it conducts business in this judicial district. BBB denies it has committed or is committing acts of infringement, denies Plaintiff is entitled to any relief, and further denies any remaining allegations in Paragraph 9 of the Complaint.

## BACKGROUND

### The [Alleged] Inventions

10. BBB admits that purported copies of U.S. Patent Nos. 8,712,846 (the "'846 Patent") and 8,396,743 (the "'743 Patent") collectively (the "Asserted Patents") are attached to the Complaint as Exhibit 1 and 2, and that the face of the patents indicate that Robert S. Alvin is the named inventor. BBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11. BBB admits that a purported copy of the '846 Patent is attached to the Complaint as Exhibit 1. BBB denies any remaining allegations in Paragraph 11 of the Complaint.

12. BBB admits that a purported copy of the '743 Patent is attached to the Complaint as Exhibit 2. BBB denies any remaining allegations in Paragraph 11 of the Complaint.

13. BBB denies the allegations in Paragraph 13 of the Complaint.

14. BBB denies the allegations in Paragraph 14 of the Complaint.

### [Alleged] Advantage Over the Prior Art

15. BBB denies the allegations in Paragraph 15 of the Complaint.

16. BBB denies the allegations in Paragraph 16 of the Complaint.

17. BBB denies the allegations in Paragraph 17 of the Complaint.

18. BBB denies the allegations in Paragraph 18 of the Complaint.

19. BBB denies the allegations in Paragraph 19 of the Complaint.

20. BBB denies the allegations in Paragraph 20 of the Complaint.

21. BBB denies the allegations in Paragraph 21 of the Complaint.

22. BBB denies the allegations in Paragraph 22 of the Complaint.

### [Alleged] Technological Innovation

23. BBB denies the allegations in Paragraph 23 of the Complaint.

24. BBB denies the allegations in Paragraph 24 of the Complaint.

25. BBB denies the allegations in Paragraph 25 of the Complaint.

26. BBB denies the allegations in Paragraph 26 of the Complaint.

27. BBB denies the allegations in Paragraph 27 of the Complaint.

28. BBB denies the allegations in Paragraph 28 of the Complaint.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,712,846**

29. BBB incorporates the above paragraphs herein by reference.

30. BBB admits that a purported copy of the '846 Patent is attached to the Complaint as Exhibit 1, that the face of the patent indicates that it is entitled "Sending Targeted Product Offerings Based on Personal Information," and that it issued on April 29, 2014. BBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31. BBB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32. BBB denies the allegations in Paragraph 32 of the Complaint.

33. BBB denies the allegations in Paragraph 33 of the Complaint.

**COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,396,743**

34. BBB incorporates the above paragraphs herein by reference.

35. BBB admits that a purported copy of the '743 Patent is attached to the Complaint as Exhibit 2, that the face of the patent indicates that it is entitled "Sending Targeted Product Offerings Based on Personal Information," and that it issued on March 12, 2013. BBB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies them.

36. BBB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37. BBB denies the allegations in Paragraph 37 of the Complaint.

38. BBB denies the allegations in Paragraph 38 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

Plaintiff's Jury Demand does not contain any allegations and therefore does not require a response. To the extent a response is required, BBB denies those allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, BBB denies that Plaintiff is entitled to any judgment against BBB and/or an order granting relief in any of the forms requested in parts A-D.

## BBB'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, BBB asserts the following affirmative defenses. BBB reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

BBB has not infringed and does not infringe, under any theory of infringement including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that BBB's actions allegedly infringe the Asserted Patents, BBB is not

liable to Plaintiff for the acts alleged to have been performed before BBB received actual notice that it was allegedly infringing the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that BBB indirectly infringes, either by contributory infringement or inducement of infringement, BBB is not liable to Plaintiff for the acts alleged to have been performed before BBB knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the Asserted Patents do not claim patent eligible subject matter under 35 U.S.C. § 101.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by BBB performs: (1) "receiving product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the location information derived from an IP address associated with one or more of the customers," (3) "generating, at least in part from the customer data, user-specific product offerings from the plurality of products; and," and/or (4) "sending, by a computer, automated messages comprising the user-specific product offerings to the one or more of the customers," wherein the "product data" comprises "product description, quantity available, and price for each of the products for each of the distributors," and/or the "customer data" comprises "IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns," as required by at least claims 1, 3, and 4 of the '846 Patent.

Plaintiff's Complaint fails to state a claim of direct infringement because, among other

things, Plaintiff has not stated a plausible allegation that any method or system employed or process practiced by BBB performs: (1) "receiving product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiving customer data from a plurality of customers, the customer data comprising location information associated with customers, the customer location information derived from an IP address associated with the customer," (3) "generating, at least in part from the personal information concerning a customer location, at least one user-specific product offering from the plurality of products; and," and/or (4) "sending, by a computer, automated messages comprising the at least one user-specific product offering to the one or more customers," wherein the "customer data" comprises an "IP (Internet Protocol) address, IP host name, customer name, billing address, email address and purchase patterns," as required by at least claims 1 and 4 of the '743 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that BBB infringes under a theory of joint infringement, BBB is not liable to Plaintiff. BBB does not provide or perform each element of any claim of the Asserted Patents, and any actions of third parties accused by Plaintiff are not attributable to BBB.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by BBB.

## BBB'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Consolidated Transaction Processing LLC ("CTP"), Counterclaim Plaintiff Bed Bath & Beyond, Inc. ("BBB") alleges as follows:

## PARTIES

1. BBB is a New York corporation with its principal place of business located at 650 Liberty Ave., Union NJ 07083.

2. Upon information and belief based solely on paragraph 1 of the Complaint as pled, CTP is a limited liability company organized and existing under the laws of the State of Nevada and maintains its principal place of business at 356 Greenwood Court, Villanova, Pennsylvania 19085.

## JURISDICITON

3. BBB incorporates by reference paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. CTP has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I: DECLARATION REGARDING NON-INFRINGEMENT OF THE '846 PATENT

7. BBB incorporates by reference paragraphs 1-6 above.

8. Based on the filing of this action and at least BBB's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BBB infringes U.S. Patent Nos. 8,712,846 ("the '846 Patent") and 8,396,743 ("the '743 Patent") collectively (the "Asserted Patents").

9. BBB does not infringe Claims 1, 3, and 4 of the '846 Patent because, *inter alia*, the accused system does not: (1) "receiv[e] product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiv[e] customer data from a plurality of customers, the customer data comprising location information associated with customers, the location information derived from an IP address associated with one or more of the customers," (3) "generat[e], at least in part from the customer data, user-specific product offerings from the plurality of products; and," and/or (4) "send[], by a computer, automated messages comprising the user-specific product offerings to the one or more of the customers," wherein the "product data" comprises "product description, quantity available, and price for each of the products for each of the distributors," and/or the "customer data" comprises "IP (Internet Protocol) address, IP host name, customer name, billing address, email address, and purchase patterns."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BBB requests a declaration by the Court that BBB has not infringed and does not infringe any claim of the '846 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II: DECLARATION REGARDING NON-INFRINGEMENT OF THE '743 PATENT

11. BBB incorporates by reference paragraphs 1-10 above.

12. Based on the filing of this action and at least BBB's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether BBB infringes U.S.

Patent Nos. 8,712,846 ("the '846 Patent") and 8,396,743 ("the '743 Patent") collectively (the "Asserted Patents").

13. BBB does not infringe Claims 1 and 4 of the '743 Patent because, *inter alia*, the accused system does not: (1) "receiv[e] product data for a plurality of products from a plurality of distributors for the products via a communications network," (2) "receiv[e] customer data from a plurality of customers, the customer data comprising location information associated with customers, the customer location information derived from an IP address associated with the customer," (3) "generat[e], at least in part from the personal information concerning a customer location, at least one user-specific product offering from the plurality of products; and," and/or (4) "send[], by a computer, automated messages comprising the at least one user-specific product offering to the one or more customers.," wherein the "customer data" comprises an "IP (Internet Protocol) address, IP host name, customer name, billing address, email address and purchase patterns."

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., BBB requests a declaration by the Court that BBB has not infringed and does not infringe any claim of the '743 Patent under any theory including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**COUNT III: DECLARATION REGARDING
INVALIDITY OF THE '846 PATENT**

15. BBB incorporates by reference paragraphs 1-14 above.

16. Based on the filing of this action and at least BBB's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '846 Patent.

17. The claims of the '846 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,837,436, 8,825,872, and/or 8,315,915.

18. At least claim 1 of the '846 Patent is invalid for failure to satisfy the requirements of 35 U.S.C. § 112 because the specification as filed does not contain adequate written description and/or enabling disclosure for at least the limitations "communications network," and "location information." Accordingly, the specification fails to reasonably convey to a POSITA that the inventor had possession of the subject matter of the alleged invention, and it fails to enable a POSITA to make and use the alleged invention as claimed.

19. The claims of '846 Patent are invalid for failure to satisfy the requirements for patentability specified in 35 U.S.C. § 101 at least because the claims are directed to an abstract idea and recite no inventive concepts.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BBB requests a declaration by the Court that claims of the '846 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT III: DECLARATION REGARDING INVALIDITY OF THE '743 PATENT

21. BBB incorporates by reference paragraphs 1-19 above.

22. Based on the filing of this action and at least BBB's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '743 Patent.

23. The claims of the '743 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,837,436, 8,825,872, and/or 8,315,915.

24. At least claim 1 of the '743 Patent is invalid for failure to satisfy the requirements of

35 U.S.C. § 112 because the specification as filed does not contain adequate written description and/or enabling disclosure for at least the limitations "communications network," and "location information." Accordingly, the specification fails to reasonably convey to a POSITA that the inventor had possession of the subject matter of the alleged invention, and it fails to enable a POSITA to make and use the alleged invention as claimed.

25. The claims of '743 Patent are invalid for failure to satisfy the requirements for patentability specified in 35 U.S.C. § 101 at least because the claims are directed to an abstract idea and recite no inventive concepts.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, BBB requests a declaration by the Court that claims of the '743 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, BBB asks this Court to enter judgment in BBB's favor and against CTP by granting the following relief:

a) a declaration that the Asserted Patents are invalid;

b) a declaration that BBB does not infringe, under any theory, any valid claim of the Asserted Patents that may be enforceable;

c) a declaration that CTP take nothing by its Complaint;

d) judgment against CTP and in favor of BBB;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to BBB of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BBB requests a trial by jury on all issues triable of right by a jury.

Dated:  February 11, 2021            FISH & RICHARDSON P.C.

By: */s/ Michael R. Ellis*
   Neil J. McNabnay (SBN 24002583)
   Ricardo J. Bonilla (SBN 24082704)
   Michael R. Ellis (SBN 24102726)
   FISH & RICHARDSON P.C.
   1717 Main Street, Suite 5000
   Dallas, TX 75201
   Telephone: (214) 747-5070
   Facsimile: (214) 747-2091
   rbonilla@fr.com
   mcnabnay@fr.com
   ellis@fr.com

***Attorneys for Defendant***
***Bed Bath & Beyond, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 11, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michael R. Ellis*
Michael R. Ellis